## Alexandria

## KEITH LEIGH SHANNON

v.

## COMMONWEALTH OF VIRGINIA

No. 1290-92-4

Decided March 8, 1994

COUNSEL

Paul H. Melnick (John L. Melnick & Associates, on brief), for appellant.

Kathleen B. Martin, Assistant Attorney General (Stephen D. Rosenthal, Attorney General; Virginia B. Theisen, Assistant Attorney General, on brief), for appellee.

OPINION

**WILLIS, J.**—On appeal from the trial court's denial of his suppression motion, Keith Leigh Shannon contends that neither probable cause, reasonable articulable suspicion, nor exigent circumstances justified the entry of his hotel room. He further contends that the trial court denied his Sixth Amendment rights by curtailing his cross-examination of the arresting officer. We find that the police officers entered Shannon's room without justification and reverse the trial court's denial of Shannon's motion to suppress the seized evidence. We do not reach the issue of cross-examination.

On January 27, 1992, Arlington Police Officer Douglas Johnson received a police dispatch of a shooting at Crystal City Motor Inn, Rooms 16 and 42. The dispatcher stated that when she tried to confirm the location, the anonymous informer hung up. She advised that the desk clerk at the motor inn had heard no shots. Officers Johnson, Paquin and Lichtenberg went first to Room 16. They received no response to their knock. Officer Johnson left to obtain a key from the manager. When he returned, Officers Paquin and Lichtenberg were talking with the occupant of Room 16. A consent search of Room 16 revealed nothing amiss.

The officers then went to Room 42. They heard voices inside but observed no signs of a shooting. The officers pounded on the door with their flashlights and called, "police officers, come to the door, answer the door, police, police, police." The people in the room did not respond. Using a key, Officer Johnson opened the door slightly. Someone inside the room tried to push the door shut. The officers then forced their way into the room. Once inside, the officers found syringes, cooking pots, test tubes, baggies, a straw, a bloody rag, and crack cocaine. They arrested the occu-

pants, including Shannon, for possession of cocaine.

A subsequent search of Shannon's person revealed a baggie with cocaine residue. The officers obtained and executed a search warrant for the room. They found more cocaine, paraphernalia, and heroin. Officer Paquin recorded the items and the location of the evidence found on a standard police form 6B[1] and gave each item a number.

Shannon moved to suppress the seized evidence on the ground that it derived from an unlawful entry. The trial court denied the motion.

At trial, Officer Paquin testified that an item on form 6B does not necessarily have the same item number that it has on the property or laboratory forms. He testified that, ideally, the number should be the same but, because more than one officer usually participates in the packaging of evidence, seldom does the same number carry through. However, he testified that, in this case, he packed the evidence and filled out both forms. He stated that both form 6B and the property form listed item number three as a baggie found in Shannon's jacket. Shannon's counsel tried to show inconsistencies in Officer Paquin's numbering of the items seized. Although counsel proffered that his questioning would reveal a prior inconsistent statement, the trial court denied this line of questioning as repetitious.

Shannon first contends that the officers had no authority to enter his room without a warrant. We agree.

A warrantless entry into a motel room is presumptively unreasonable. *See Katz v. United States*, 389 U.S. 347 (1967); *Stoner v. California*, 376 U.S. 483 (1964). Exigent circumstances may justify a warrantless entry and search if the officers have the probable cause necessary to obtain a search warrant. *Servis v. Commonwealth*, 6 Va. App. 507, 514-15, 371 S.E.2d 156, 159 (1988).

In this case, the officers did not have probable cause justifying entry into Room 42. They responded to an anonymous tip of shootings in Rooms 16 and 42. The anonymous informer hung up when asked by the dispatcher for more details. The clerk at the

---

[1] Form 6B is not found in the record.

motel's front desk had no knowledge of a shooting. The occupant of Room 16 knew nothing of a shooting and allowed the officers to search his room. That search revealed no evidence of a shooting.

The officers acted properly in investigating the complaint. However, their power of investigation did not include a non-consensual entry into Room 42. When they knocked but received no answer, the silence of the people in the room could easily have meant, "go away." The occupants' response was a valid, affirmative rejection of the officers' request for entry, not an admission of guilt. Thus, a determination of probable cause depends on the strength of the informer's information.

The informant's call lacked reliability. The police could not corroborate any of the information given by the informant. Indeed, inquiry at the front desk and at Room 16 contradicted the tip. The vague information given by an unknown informer, the lack of corroboration, and the contradicting results of investigation provided an insufficient basis for a finding of probable cause justifying the officers' warrantless entry into Room 42. *Miles v. Commonwealth*, 13 Va. App. 64, 69-70, 408 S.E.2d 602, 604 (1991), *aff'd en banc*, 14 Va. App. 82, 414 S.E.2d 619 (1992).

█ Relying on *Reynolds v. Commonwealth*, 9 Va. App. 430, 388 S.E.2d 659 (1990), the Commonwealth contends that the police officers were confronted with an emergency, and that the required response to that emergency constituted an exigent circumstance justifying a forcible entry into Room 42. In *Reynolds*, we said:

Among the circumstances accepted as providing "exigent circumstances" for a warrantless search are those where a true "emergency" exists.

*Id.* at 436, 388 S.E.2d at 663.

The right of the police to enter and investigate in an emergency is inherent in the very nature of their duties as police officers. A warrantless search during an emergency situation is "justified, if not required, by the fact that 'the preservation of human life is paramount to the right of privacy protected by search and seizure laws and constitutional guaranties [sic].' "

*Id*. at 437, 388 S.E.2d at 664 (citations omitted).

In *Reynolds*, police officers apprehended a burglar in possession of stolen goods. The burglar confessed the crime. He admitted that about one hour earlier, he had twice entered Reynolds' house and taken the stolen property and that on the second occasion the house was occupied. Going to the Reynolds' home, the officers found it standing open with no one in sight. Believing that the open house contained evidence of the burglary and that the occupants might be dead or injured, the officers responded to their perceived need for immediate action, entered the house, and found the marijuana with which they charged Reynolds. Upholding the entry, we held that these circumstances gave the police reasonable ground to perceive an emergency requiring prompt action. We said:

> The police were acting in good faith under the circumstances and according to their responsibilities as law enforcement officers. The action of the police in this case should be encouraged, not deterred. It is clear that this assistance required no writ.

*Id*. at 438-39, 388 S.E.2d at 664.

In *Reynolds*, the officers confronted the burglar and observed his demeanor. They confirmed his story when they found stolen goods in his possession and by their observation of the open, burglarized home. Their belief that the house might contain injured people, or evidence that could be lost if not secured, was based on these tangible facts. Unlike the officers in *Reynolds*, the officers in this case had before them no tangible facts, but merely an anonymous, uncorroborated tip which was, in fact, contradicted by their investigation. That tip was insufficient to provide the officers a reasonable basis for believing that they confronted an emergency.

We hold that the forced, warrantless entry into Room 42 was unlawful. The trial court erred in refusing to suppress the seized evidence. Because that was the only evidence against Shannon, we reverse the judgment of the trial court and remand this case for further proceedings if the Commonwealth be so advised. We need not address the second assignment of error.

*Reversed and remanded.*

Fitzpatrick, J., concurred.

Duff, S.J., dissenting.

I would affirm the trial court's denial of the motion to suppress. In *Reynolds v. Commonwealth*, 9 Va. App. 430, 388 S.E.2d 659 (1990), we applied the emergency exception doctrine to the warrant requirement under facts which I do not find as compelling as those at bar.

In *Reynolds*, there was no evidence that potential victims had been shot or wounded. The two shotguns found in the defendant's possession were among the goods that had been stolen in the burglary. *Id.* at 433, 437-38, 388 S.E.2d at 661, 664. The officer entered the burglarized home without a warrant because he "believed that there could have been a victim 'injured or dead inside.'" *Id.* at 438, 388 S.E.2d at 664. No basis in fact for this belief is contained in the opinion which approved the entry.

Although I share the majority's concern about the lack of corroboration of the shooting, I am not persuaded that the officer lacked justification for pursuing his investigation. A report of a shooting presents a probability of wounding or death far more compelling than a report of a burglary. Although the silence of the occupants might be interpreted as a request to "go away," it could equally be interpreted by the officer as an effort to avoid discovery of what had occurred in the room, thus adding to the sense of emergency. The trial judge heard and observed the witnesses and gave credit to the officer's belief that an emergency existed.

I would find that the officer's behavior, considering the facts available to him, when gauged against an objective standard, provided the reasonable and articulable circumstances required for entry onto the premises under the emergency exception doctrine. Moreover, "[t]he reasonableness of a police officer's response in a given situation is a question of fact for the trial court and its ruling will not be disturbed on appeal absent clear and manifest error." *Id.* at 437, 388 S.E.2d at 664.

I find no abuse of discretion in such a ruling and would affirm. Accordingly, I respectfully dissent.