**Richmond**

OTIS JEROME ALEXANDER

v.

COMMONWEALTH OF VIRGINIA

No. 2398-93-2

Decided February 21, 1995

COUNSEL

Theodore Tondrowski (Bowen & Bowen, on brief), for appellant.

Michael T. Judge, Assistant Attorney General (James S. Gilmore, III, Attorney General; Ronald P. Geiersbach, Assistant Attorney General, on brief), for appellee.

OPINION

**COLEMAN, J.**—Otis Jerome Alexander was convicted of possession of cocaine and possession of a firearm while possessing cocaine. On appeal, he asserts that the trial court erred by denying his motion to suppress evidence which he contends was seized during an unlawful entry into his motel room by Richmond police officers. We hold that the police officers forcibly entered the appellant's motel room, where he had a right of privacy, without probable cause to believe that a crime was being committed. Thus, the officers' entry into the motel room and the seizure of the appellant, which led to the discovery of the illicit contraband and weapon, was illegal. Therefore, we reverse the convictions. Because the prosecution of both charges cannot proceed without the illegally seized cocaine or firearm evidence, we dismiss the indictments.

On December 9, 1992, Detective Ford of the Richmond City Police Department, responded to a radio dispatch that was based on an anonymous 911 call. The caller on the 911 line reported that a woman was being held against her will in Room 118 at the Budget Motel at 5904 Hull Street. Detective Ford had no information as to how the caller supposedly knew about the abduction. At least five Richmond City police officers responded to the call.

Upon arrival, Detective Ford and four other uniformed officers positioned themselves at the front door of Room 118. Officer Wiggins went to cover the outside rear window of the room. The officers at the front door could not see Wiggins from their positions. Believing that an abduction or "hostage situation" might involve a threat to human life or safety, some of the officers drew their handguns, while Detective Ford knocked on the door. At that moment, Detective Ford heard Officer Wiggins, who was out of Ford's sight, say, "Freeze, police." Almost simultaneous with Ford's hearing this, the knock on the door was answered by one of the occupants. Through the open door, Detective Ford could see four individuals, including a woman sitting in a chair. Detective Ford observed no activity or circumstances in the room at that time which suggested or confirmed that the woman was being held against her will.

After hearing Officer Wiggins say "freeze, police," the officers rushed into the motel room, some with their handguns drawn, and ordered the occupants to remain where they were. All occupants complied. The appellant, who offered no resistance, told the officers that he had a handgun in his pocket. The officers seized the handgun and arrested the appellant for carrying a concealed weapon. The officers then searched the appellant incident to the arrest.[1] During the search, the officers found cocaine in the appellant's pocket.

"The [F]ourth [A]mendment protects people against *unreasonable* searches and seizures." *Servis v. Commonwealth*, 6 Va. App. 507, 514, 371 S.E.2d 156, 159 (1988). The Fourth Amendment protects a person's home from unreasonable governmental intrusion. Only when probable cause exists for an officer to believe that a person's home or abode harbors a criminal or the fruits of crime may it be subjected to a search. *See Boyd v. Commonwealth*, 12 Va. App. 179, 185, 402 S.E.2d 914, 918 (1991). Even then, barring exigent circumstances, the threshold to a person's home cannot be crossed without a warrant. *Payton v.*

---

[1] The appellant argued on brief that even if the entry into the room was lawful, the search of him was not incidental to a lawful arrest. He contended that he did not violate Code § 18.2-308 by carrying a concealed weapon in a rented motel room, which he argues is "his own place of abode" within the statute. Because we hold that the initial entry was unlawful and that the unlawful entry led to the seizure of the concealed handgun and cocaine, we do not reach the issue of the legality of the arrest.

*New York*, 445 U.S. 573, 590 (1980). "The [F]ourth [A]mendment rights of a guest in a motel room are equivalent to those of the rightful occupants of a house." *Servis*, 6 Va. App. at 514, 371 S.E.2d at 159. Thus, a warrantless entry into a person's house or motel room is *per se* unreasonable and violative of the Fourth Amendment. *See Fore v. Commonwealth*, 220 Va. 1007, 1010, 265 S.E.2d 729, 731, *cert. denied*, 449 U.S. 1017 (1980). Consequently, government law enforcement agents cannot enter a person's motel room, absent probable cause and exigent circumstances, without a search warrant.

■ The Commonwealth argues, however, that probable cause and exigent circumstances existed which justified the officers' warrantless entry into the appellant's motel room. The Commonwealth carries a "heavy burden" for proving justification for a warrantless search based upon exigent circumstances. *Verez v. Commonwealth*, 230 Va. 405, 410, 337 S.E.2d 749, 752-53 (1985), *cert. denied*, 479 U.S. 813 (1986). Exigent circumstances justify a warrantless entry and search of a motel room only when the police have probable cause to obtain a search warrant. *Servis*, 6 Va. App. at 514-15, 371 S.E.2d at 159.

■ Viewing the facts in the light most favorable to the Commonwealth, as we must, based upon the trial court's probable cause ruling, we find that the 911 call and the officer's independent observations at the motel gave no reasonable basis for an officer to believe that a crime was being committed which justified a warrantless entry into the motel room. *See Shannon v. Commonwealth*, 18 Va. App. 31, 34-35, 441 S.E.2d 225, 226-27, *aff'd en banc*, 19 Va. App. 145, 449 S.E.2d 584 (1994). Probable cause for police officers to enter a person's motel room must be based on more than speculation, suspicion, or surmise that a crime might be in progress. *Compare Shannon*, 18 Va. App. 31, 441 S.E.2d 225, *with Reynolds v. Commonwealth*, 9 Va. App. 430, 388 S.E.2d 659 (1990).

When Officer Ford responded to the radio dispatch, he knew only that the dispatcher said a 911 caller reported that a woman was being "held hostage" in Room 118 of the Budget Motel. Officer Ford had no information concerning the identity of the caller or the basis for the caller's assertion that would provide some assurance to a reasonable person that the report was reliable. Upon arriving, the officers did not inquire at the front desk or make an

independent investigation in an effort to verify the unsubstantiated report that a crime might be occurring. *See Boyd*, 12 Va. App. at 184, 402 S.E.2d at 918. When Detective Ford knocked on the door, at least five uniformed police officers had surrounded the motel room, some with guns drawn. Before Detective Ford could have inquired about the situation in an effort to verify the 911 call and to determine whether any reason existed to believe that a crime might be in progress, Officer Wiggins said, "Freeze, police." At the time, Detective Ford could see four people in the room, including a woman sitting in a chair. The mere presence of a woman in the room, without more, in no way corroborated or substantiated the 911 report that a woman was being "held hostage" or being held against her will.

No probable cause existed for the officers to believe that a crime was being committed. The officers' entry into the appellant's motel room violated his privacy right to be free from an unreasonable search and seizure. Thus, the firearm and cocaine, both of which were the fruits obtained as a result of the illegal entry into the motel room, should have been suppressed. We, therefore, reverse the convictions and dismiss the indictments against the appellant.

*Reversed and dismissed.*

Moon, C.J., and Bray, J., concurred.