COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Elder and Annunziata
Argued at Richmond, Virginia


CHARLES BURBBICK, JR., A/K/A SHADUR A. BORDEN,
 S/K/A CHARLES BURBICK
                                    MEMORANDUM OPINION* BY
v.   Record No. 0601-94-2            JUDGE LARRY G. ELDER
                                       OCTOBER 3, 1995
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                    John F. Daffron, Jr., Judge


          Michael HuYoung (Jane Chittom; Shuford, Rubin &
          Gibney, on brief), for appellant.

          Margaret Ann B. Walker, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on brief),
          for appellee.


     Charles Burbbick, Jr. (appellant) appeals his convictions

for five counts of statutory burglary in violation of Code

§ 18.2-91; one count of grand larceny in violation of Code

§ 18.2-95; and possession of burglary tools in violation of Code

§ 18.2-94.  Appellant contends the police lacked probable cause

to search the vehicle in which he was riding, thereby rendering

the fruits of the search inadmissible.  We hold that because the

police had probable cause to conduct a warrantless automobile

search, any evidence obtained therefrom was admissible.  We

therefore affirm appellant's convictions.

     On July 16, 1993, the Chesterfield Police Department

_____

          *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

released an internal memorandum concerning a string of local residential burglaries. The memo requested officers to be on the lookout for an older silver Toyota with temporary tags. On August 12, 1993, at approximately 11 a.m., Officer William Kcraget spotted a silver Toyota with temporary tags on Beach Road in Chesterfield County. Three people occupied the Toyota: appellant (a white male), the driver (a black female), and a juvenile (not described in testimony). Officer Kcraget observed the female drop off appellant and the juvenile in the 7400 block of Beach Road before they walked to the residence at 7401 Beach Road. Another officer (Officer McCann, who did not testify) told Officer Kcraget that he observed the two persons walk to the rear of the house and enter the back yard. A short time later, appellant and the juvenile re-appeared at the front of the residence and returned to the Toyota.

Officer Kcraget immediately approached the back door of the house, where he discovered that it was "slightly ajar" and that there were pry marks on the frame, indicating a forced entry. Officer Kcraget noticed the house was ransacked and that two VCR's and a pair of binoculars were strewn in the bushes near the back door. Officer Kcraget immediately radioed Officer Richard Davis (who was assisting in the surveillance of the Toyota), informed him that a burglary had just occurred at 7401 Beach Road, and asked him to stop the Toyota. Officer Davis stopped the vehicle, searched it, arrested appellant, and, without a

2

warrant, confiscated assorted burglary tools from the vehicle, including a vise and a screwdriver. Officer Davis did not recover any possessions from the residence at 7401 Beach Road. Appellant was given his Miranda warnings, executed a rights-waiver form, and confessed to nine other burglaries, although he did not confess to the Beach Road burglary.

Prior to his bench trial, appellant moved to suppress the evidence seized by the police, including his confession, but the trial court denied the motion. The trial court convicted appellant on all counts.

Assuming without deciding that appellant had standing to contest the search, we hold the trial court did not err in finding probable cause existed for the police to conduct a warrantless search of the Toyota. Under the automobile exception to the fourth amendment's warrant requirement, an automobile may undergo a warrantless search if there is probable cause to believe that the vehicle contains evidence of a crime. United States v. Ross, 456 U.S. 798, 806-08 (1982); see also Vass v. Commonwealth, 214 Va. 740, 743-44, 204 S.E.2d 280, 283 (1974). We will not disturb a trial court's refusal to suppress evidence seized in a warrantless search of an automobile unless the holding is plainly wrong or unsupported by the evidence, when viewed in the light most favorable to the Commonwealth. Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991).

A warrantless arrest and search are constitutionally permissible if "at the moment of arrest [or search], the arresting officer [has] knowledge of sufficient facts and circumstances" to justify a reasonable belief that an offense has been committed.  Bryson v. Commonwealth, 211 Va. 85, 86, 175 S.E.2d 248, 250 (1970).  Explained another way, probable cause is more than "mere suspicion," DePriest v. Commonwealth, 4 Va. App. 577, 585, 359 S.E.2d 540, 544 (1987), cert. denied, 488 U.S. 985 (1988), and it "deals with probabilities, . . . factual and practical considerations in every day life on which reasonable and prudent [persons], not legal technicians, act."  Derr v. Commonwealth, 242 Va. 413, 421, 410 S.E.2d 662, 666 (1991).

Based on the facts described above, we believe that a "reasonable and prudent" person would have had cause to believe that a burglary had just been committed, see Derr, 242 Va. at 421, 410 S.E.2d at 666, and that the fruits of the crime may have been in the Toyota.

Accordingly, we affirm the convictions.

Affirmed.

Benton, J., dissenting.

To justify the search of the vehicle, the evidence must establish that the police had probable cause to believe the vehicle contained evidence of a crime. United States v. Ross, 456 U.S. 798, 809 (1982). No evidence in this record supports the trial judge's conclusion that probable cause existed. "Probable cause . . . must be based on more than speculation, suspicion, or surmise that [evidence of] a crime might be . . . [found]." Alexander v. Commonwealth, 19 Va. App. 671, 674, 454 S.E.2d 39, 41 (1995).

The evidence proved that Burbbick and a juvenile left an automobile and walked into the yard of a residence. The unfenced yard was big, wooded, and traversed by a creek. Although the evidence proved that a police officer was observing the rear of the residence, that officer did not testify. No evidence proved that Burbbick entered the residence, attempted to enter the residence, or did any activity other than enter the rear yard. No evidence proved the length of time Burbbick was in the yard.

When Burbbick and the juvenile left the yard, they re-entered the vehicle. After the vehicle drove away, a police officer who could not see the rear of the residence went to the residence, saw a rear door slightly ajar, and saw some household items in bushes five feet from the door. The officer's observations and the evidence that led to the initial surveillance of the vehicle provided the police with a basis to

5

have a reasonable articulable suspicion that a crime may have occurred sometime that day.  Even if those facts would justify a Terry stop, the evidence proved on this record did not provide probable cause to believe Burbbick had broken into the residence.

Indeed, the officer who observed the opened door and the items in the bushes testified that he did not know whether the items were there before Burbbick entered the yard.  The officer who was in a position to see the rear of the residence when Burbbick was in the yard did not testify that Burbbick put the items in the bushes.  Significantly, no evidence proved that Burbbick was at the rear of the residence for a sufficient amount of time to break and enter the residence and to remove items to the bushes.

Furthermore, no testimony established that Burbbick or the juvenile had in their hands or possessed any item, tool, or equipment when they left the vehicle or re-entered the vehicle. Any suspicion that the officer may have had that the vehicle contained evidence of a crime is not manifested by any facts proved on this record.

For these reasons, I would reverse the trial judge's failure to suppress the evidence.

6