COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Beales and O'Brien
Argued by teleconference

UNPUBLISHED

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
v.     Record No. 1170-16-1     JUDGE MARY GRACE O'BRIEN
DECEMBER 13, 2016

LAMONT SENTEL STALLINGS

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Jerrauld C. Jones, Judge

Rosemary V. Bourne, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on briefs), for appellant.

London C. Crounse (Protogyrou & Rigney, P.L.C., on brief), for
appellee.

Pursuant to Code § 19.2-398, the Commonwealth of Virginia brings a pretrial appeal,

contending that the trial court improperly granted a motion to suppress evidence seized as a result of

a Fourth Amendment violation. For the following reasons, we affirm the trial court's decision.

BACKGROUND

Lamont Sentel Stallings ("the defendant") was charged with possession with intent to

distribute heroin, in violation of Code § 18.2-248(C), and assault and battery of a police officer, in

violation of Code § 18.2-57(C). The defendant filed a motion to suppress evidence that was

obtained by police "as a result of his illegal stop and seizure." Following a hearing, the court

granted the motion. The Commonwealth asserts the following assignment of error:

> The circuit court erred in granting Mr. Stallings's motion to suppress
> because the evidence demonstrates that Officer Whitehead had
> probable cause to arrest Mr. Stallings and the subsequent encounter

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

provided Officers an additional basis for reasonable suspicion that Mr. Stallings was armed and dangerous.

In a Commonwealth's appeal of an order suppressing evidence, we consider the evidence in the light most favorable to the defendant. Commonwealth v. Peterson, 15 Va. App. 486, 487, 424 S.E.2d 722, 723 (1992). So viewed, the evidence established that at approximately 4:15 p.m. on December 24, 2015, Officer Daryel Whitehead was driving an unmarked patrol car in a residential area. The road did not have any lane markings. Officer Whitehead testified that the defendant, who was driving a moped and was traveling in the opposite direction toward the officer, "swerved directly into [Officer Whitehead's] lane of traffic." The officer claimed that he had to "come to an almost complete stop to avoid" hitting the defendant. Officer Whitehead also stated that he was traveling ten to fifteen miles per hour, and he estimated that the defendant was traveling twenty miles per hour, which seemed "too fast for the area."

Because he couldn't safely turn around at that point, Officer Whitehead radioed to two officers traveling behind him to stop the moped. Officer Maxwell Winfree, who was two cars behind Officer Whitehead, testified that he followed the defendant into the parking lot of an apartment complex after he received the radio communication from Officer Whitehead. On cross-examination, Officer Winfree acknowledged that he did not see the defendant swerve toward Officer Whitehead and did not observe any traffic infraction. Officer Michael Wiley was also following Officer Winfree. He did not testify to seeing the defendant drive erratically, but based on the radio communication from Officer Whitehead, he followed Officer Winfree into the parking lot. Officer Whitehead arrived at the parking lot about a minute later.

Officer Whitehead told the defendant that he was driving recklessly and asked for his operator's license. After taking the license, Officer Whitehead returned to his vehicle to check the status of the license and to write a summons. He testified that he was delayed because the Department of Motor Vehicles' software program was not working.

Officer Wiley testified that he had been asked to "make contact" with the defendant, but he did not plan to arrest him. The officer requested permission to search the defendant, but the defendant did not consent. Officer Wiley stated that the defendant, who was seated while Officer Whitehead began to write the summons, tried to stand up and was "messing with" and "touching" his pockets. The officer explained that the area had "lots of violent crime" and the defendant was "nervous [and] fidgety." Officer Wiley told the defendant that he could be patted down or he was going to be arrested for obstruction of justice.

At that point, the defendant broke away and attempted to enter an apartment. The officers stopped him, searched him, and found the drugs that are the subject of this prosecution. Following the hearing, the court granted the motion to suppress. The court did not articulate the basis for granting the motion.

ANALYSIS

A "claim that evidence was seized in violation of the Fourth Amendment presents a mixed question of law and fact that we review *de novo* on appeal." Murphy v. Commonwealth, 264 Va. 568, 573, 570 S.E.2d 836, 838 (2002). In making our determination, however, we consider the evidence and the inferences that arise from the evidence in the light most favorable to the defendant, the prevailing party. See Singleton v. Commonwealth, 278 Va. 542, 548, 685 S.E.2d 668, 671 (2009). "In performing such analysis, we are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them and we give due weight to the inferences drawn from those facts . . . ." McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (*en banc*) (citing Ornelas v. United States, 517 U.S. 690, 699 (1996)).

Further, "[a]bsent clear evidence to the contrary in the record, the judgment of a trial court comes to us on appeal with a presumption that the law was correctly applied to the facts." Groves v. Commonwealth, 50 Va. App. 57, 61, 646 S.E.2d 28, 30 (2007) (quoting Yarborough v.

Commonwealth, 217 Va. 971, 978, 234 S.E.2d 286, 291 (1977)). "This means the 'judge is presumed to know the law and to apply it correctly in each case.'" Id. at 61-62, 646 S.E.2d at 30 (quoting Crest v. Commonwealth, 40 Va. App. 165, 172 n.3, 578 S.E.2d 88, 91 n.3 (2003)).

The Fourth Amendment provides:

> [t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

When a defendant alleges that the police obtained evidence as a result of a warrantless search that was conducted in violation of the Fourth Amendment, the Commonwealth has the burden to establish that the search and seizure did not violate the defendant's Fourth Amendment rights. Alexander v. Commonwealth, 19 Va. App. 671, 674, 454 S.E.2d 39, 41 (1995). On appeal, the Commonwealth must establish that the court's ruling constituted reversible error. See McGee, 25 Va. App. at 197, 487 S.E.2d at 261.

The Commonwealth contends that Officer Whitehead had probable cause to place the defendant under arrest for reckless driving, based on the officer's testimony that he observed the defendant weave into the officer's lane of traffic. However, as the defendant notes, neither of the two officers traveling directly behind Officer Whitehead testified that they saw the defendant drive recklessly, and one officer specifically testified that he did *not* see the defendant drive into the oncoming lane of traffic. Further, the road did not have lane markings and neither officer testified that he had to stop to avoid a collision, contrary to Officer Whitehead's testimony.

The defendant asserts that the court made a credibility determination adverse to the Commonwealth, specifically regarding Officer Whitehead's testimony concerning the defendant's driving behavior. Viewing the evidence in the light most favorable to the defendant, there is evidence to support this conclusion, and therefore we are bound to accept the court's implicit

rejection of the officer's testimony. Accordingly, the detention and search of the defendant violated his Fourth Amendment rights. Therefore, the trial court correctly suppressed the evidence.

Affirmed.