## Richmond

### PHILLIP LACY MATTHEWS V. COMMONWEALTH OF VIRGINIA.

June 10, 1977.
Record No. 761341.
Present: All the Justices.

*Joshua Pretlow, Jr. (Pretlow, Pretlow & Moore, P.C.,* on brief), for plaintiff in error.
*Linwood T. Wells, Jr., Assistant Attorney General (Anthony F. Troy, Attorney General,* on brief), for defendant in error.

Per Curiam.

Convicted and sentenced for possessing marijuana, the defendant, Phillip Lacy Matthews, seeks reversal, claiming his conviction is erroneous because based upon evidence obtained as a result of an illegal search and seizure. Finding the defendant's claim meritorious, we reverse.

The evidence shows that on December 27, 1975, Trooper R. H. McKinney of the Virginia State Police stopped the defendant for speeding. While talking to the defendant, the trooper observed a "pack of cigarette wrapping papers" on the floorboard of the defendant's car, forward of the driver's seat. After he had picked up and examined the papers, the trooper looked further. He found a folded brown paper bag tucked beside the driver's seat, next to the door. The officer reached down and picked up the bag and looked into it. He discovered what appeared to be marijuana, and, thereupon, he arrested the defendant for possessing the drug. Upon analysis, the substance in the bag proved to be marijuana.

On appeal, the defendant contends that because he was stopped for "the fairly common offense of speeding" and the only reason his vehicle was searched was the discovery of the cigarette papers, the police officer lacked probable cause either to conduct the search or to seize the marijuana. Cigarette papers, the defendant argues, while usable for illegal purposes, are intrinsically lawful objects, and their presence in an automobile cannot alone justify a warrantless search of the vehicle.

The Attorney General does not rely specifically upon any of the recognized exceptions which permit a warrantless search of a suspect's automobile. Indeed, the Attorney General concedes that the present case is distinguishable from those decisions in which the exceptions have been applied.

The Attorney General's only support of the search and seizure involved in this case is set forth in the following quotation from his brief:

"The officer ... obviously made some connection between the cigarette papers and the brown bag. His testimony was: 'Having seen the papers, I reached down and picked up the brown bag and looked into it.' ... The cigarette papers were in plain view and so was the brown bag. It is submitted that when the officer saw the cigarette papers and brown bag, there was probable cause to believe that the Defendant

possessed marijuana and to make an arrest. The prior search and seizure was therefore valid. . . ."

We cannot agree with the Attorney General's conclusion with respect to the legality of the search and seizure. Admittedly, the cigarette papers were in plain view in the automobile, and, perhaps, so was the brown bag itself; but the contents of the bag were not visible. And, although the police officer did make "some connection" between the cigarette papers and the brown bag, the connection was not combined with any other circumstance which might have justified a rational belief that the bag contained contraband drugs.

The trooper admitted candidly in his testimony that his search of the vehicle was based "purely on the premise that [he] saw [the] cigarette papers lying underneath [the defendant's] feet on the driver's side" of the car. Absent other circumstances connecting the cigarette papers with the brown paper bag, it would have been just as rational to believe that the bag contained tobacco, or the defendant's lunch, or any other lawful substance. Thus, contrary to the Attorney General's assertion, the trooper did not have "probable cause to believe that the Defendant possessed marijuana."

Because the evidence of the presence of marijuana in the defendant's automobile was improperly admitted, we must reverse the judgment of the trial court and remand the case for further proceedings.

*Reversed and remanded.*