COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Coleman and Bray
Argued at Norfolk, Virginia


DALTON ROGER FORD
                                              OPINION BY
v.         Record No. 2683-95-1      JUDGE SAM W. COLEMAN III
                                          SEPTEMBER 10, 1996
CITY OF NEWPORT NEWS


          FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                        Randolph T. West, Judge

          Richard C. Kerns for appellant.

          Owen I. Ashman, Deputy Commonwealth's
          Attorney (Howard E. Gwynn, Commonwealth's
          Attorney; Charles E. Powell, Deputy
          Commonwealth's Attorney; James S. Gilmore,
          III, Attorney General; Marla Graff Decker,
          Assistant Attorney General, on brief), for
          appellee.


      Dalton Roger Ford was convicted in a bench trial of

disorderly conduct and possession of a concealed weapon in

violation of §§ 28-11 and 43-2, respectively, of the Newport News

City Code.  Ford contends that because he was unlawfully detained

and arrested, the trial court erred by denying his motion to

suppress the arresting police officer's testimony and his motions

to strike the evidence as to both charges.  We find that the

evidence is insufficient, based on the statement of fact, to

support a finding that the officer had probable cause to believe

that Ford's conduct was disorderly in violation of Newport News

City Code § 28-11.  Accordingly, the officer had no basis to

arrest Ford on that charge and, thus, no basis to search him and

seize his knife.  Therefore, we reverse both convictions and

dismiss the charges.

According to the "Written Statement of Facts, and Testimony, and Other Incidents of the Case," filed pursuant to Rule 5A:8(c), the Commonwealth's only witness was Officer F. S. Nowak, Jr., of the Newport News Police Department. Officer Nowak testified that at approximately 9:00 p.m. on May 24, 1995, he and another officer were patrolling an area of Newport News known for prostitution and drug activity. Both officers were in uniform and riding bicycles.

The officers saw the defendant pushing a bicycle in a small park and "decided to approach the defendant and ask him his name and address [because] it was 9:00 p.m. in a location known for criminal activity." Officer Nowak testified that "he did not suspect the defendant of prostitution or drug activity, but he wanted to field interview the defendant because the defendant was pushing a bicycle, which could be stolen, at night in a known high crime area." Officer Nowak stopped his bicycle approximately ten feet from the defendant and asked the defendant to "come over" to him. According to Nowak, his bicycle light was on, but neither he nor the other officer "drew their guns" or "shined a light" on the defendant.

Officer Nowak testified that when he asked the defendant to come over to him, "the defendant immediately became loud, angry, and uncooperative." According to Nowak, the defendant stated: "I'm tired of this shit. The cops in Hampton do the same shit,

and I'm not going to put up with it anymore."  The defendant continued to use offensive language and threw "his arms about in the air.  The defendant was so loud and boisterous that apartment dwellers in a nearby building came out on their porch and asked if the officers needed help."  The defendant's actions also attracted "the attention of other police officers . . . in a training class in a nearby building . . . who left their training activities to come to Officer Nowak's assistance if necessary."

Officer Nowak arrested the defendant for disorderly conduct and searched him incident to that arrest.  As a result of the search, Nowak recovered a lock-blade knife from the defendant's person.

A law enforcement officer does not implicate the Fourth Amendment by approaching a citizen in a public place for the purpose of asking the individual his name and address.  See Baldwin v. Commonwealth, 243 Va. 191, 196, 413 S.E.2d 645, 648 (1992) (quoting Florida v. Royer, 460 U.S. 491, 497, 103 S. Ct. 1319, 75 L.Ed.2d 229 (1983) (plurality opinion)).  Furthermore, a consensual encounter between the police and a citizen becomes a seizure for Fourth Amendment purposes "only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave."  Id. (quoting United States v. Mendenhall, 446 U.S. 544, 554, 100 S. Ct. 1870, 64 L.Ed.2d 497 (1980) (Stewart, J.)).  In order for a seizure to occur, the police must restrain a citizen's freedom of movement

by the use of physical force or show of authority.  California v. Hodari D., 499 U.S. 621 (1991).

Here, although both officers were in uniform, neither officer drew his weapon, physically restrained the defendant, or by show of force or authority indicated that the defendant was not free to leave.  Officer Nowak stopped his bicycle approximately ten feet from the defendant and requested the defendant to come over to him.  Under these circumstances, "we find no evidence of 'the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled.'"  Baldwin, 243 Va. at 199, 413 S.E.2d at 649 (quoting Mendenhall, 446 U.S. at 554).  Thus, the initial encounter between the defendant and the police officers was consensual and no seizure occurred until Officer Nowak arrested Ford for disorderly conduct.  Accordingly, the dispositive question is whether Officer Nowak had probable cause to arrest the defendant for disorderly conduct.  If so, Officer Nowak was entitled to search the defendant incidental to the arrest, Chimel v. California, 395 U.S. 752, 763, 89 S. Ct. 2034, 23 L.Ed.2d 685 (1969); if not, Nowak had no other lawful basis for searching the defendant or seizing the knife from his pocket.

> Section 28-11 of the Newport News City Code provides that [a] person is guilty of disorderly conduct and a misdemeanor if, with intent to cause public inconvenience, annoyance or alarm, or

> recklessly creating a risk thereof, such
> person . . . <u>engages in conduct having a</u>
> <u>direct tendency to cause acts of violence by</u>
> <u>the person or persons at whom, individually,</u>
> <u>such conduct is directed</u>; provided, however,
> such conduct shall not be deemed to include
> the utterance or display of any word.

(Emphasis added).  <u>Compare</u> Code § 18.2-415.  The requirement that the defendant's actions or behavior, in order to constitute disorderly conduct, must have "a direct tendency to cause acts of violence" is dictated by concern for First Amendment free speech protections:

> [T]he First Amendment protects a significant
> amount of verbal criticism and challenge
> directed at police officers.  "Speech is
> often provocative and challenging. . . . [But
> it] is nevertheless protected against
> censorship or punishment, unless shown likely
> to produce a clear and present danger of a
> serious substantive evil that rises far above
> public inconvenience, annoyance, or unrest."

<u>City of Houston v. Hill</u>, 482 U.S. 451, 461, 107 S. Ct. 2502, 96 L.Ed.2d 398 (1987) (quoting <u>Terminiello v. City of Chicago</u>, 337 U.S. 1, 4, 69 S. Ct. 894, 93 L.Ed. 1131 (1949)).

"[P]robable cause exists when the facts and circumstances within the officer's knowledge, and of which he has reasonably trustworthy information, alone are sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed."  <u>Jones v. Commonwealth</u>, 18 Va. App. 229, 231, 443 S.E.2d 189, 190 (1994) (quoting <u>Taylor v. Commonwealth</u>, 222 Va. 816, 820, 284 S.E.2d 833, 836 (1981), <u>cert. denied</u>, 456 U.S. 906 (1982)).  "The test of constitutional validity is whether at

the moment of arrest the arresting officer had knowledge of sufficient facts and circumstances to warrant a reasonable man in believing that an offense has been committed."  Bryson v. Commonwealth, 211 Va. 85, 86-87, 175 S.E.2d 248, 250 (1970) (citations omitted).  To establish probable cause, the Commonwealth must show "a probability or substantial chance of criminal activity, not an actual showing of such activity."  Boyd v. Commonwealth, 12 Va. App. 179, 188-89, 402 S.E.2d 914, 920 (1991) (quoting Illinois v. Gates, 462 U.S. 213, 243 n.13, 103 S. Ct. 2317, 76 L.Ed.2d 527 (1983)).  However, "[t]he only difference between facts needed to establish probable cause and those needed to prove guilt beyond a reasonable doubt is in the degree or quantum of proof, not in the facts or elements of the offense."  State v. Moore, 659 S.W.2d 252, 257 (Mo. Ct. App. 1983).  "In assessing an officer's probable cause for making a warrantless arrest, no less strict standards may be applied than are applicable to a magistrate's determination that an arrest warrant should issue."  Washington v. Commonwealth, 219 Va. 857, 862, 252 S.E.2d 326, 329 (1979).

Officer Nowak did not have reason to believe that the defendant's conduct would provoke a violent response from the person or persons at whom such conduct was directed, which is a requisite element of a violation of Newport News City Code § 28-11.  The words uttered by the defendant, however offensive or rude, do not establish disorderly conduct.  Although Officer

Nowak testified that the defendant "[threw] his arms about in the air" and was "loud and boisterous," he made no threatening remarks, uttered no words that would reasonably incite a breach of the peace, or made no threatening movements toward the officers. While the defendant's remarks lacked civility and were impolite, loud, and persistent protestations about his treatment, his act of throwing his arms in the air could in no reasonable way cause or incite the officers to violence. There is simply no evidence in the record to support a reasonable belief that the defendant's conduct would cause a reasonable officer to respond with physical force or violence or that the officers considered the defendant's throwing his arms in the air to be an assault. Consequently, Officer Nowak either did not know that the offense of disorderly conduct includes the requirement that the defendant's conduct must have a direct tendency to cause violence or, if he did, he had no reasonable basis to believe that the defendant's conduct had a direct tendency to incite violence.

Although a police officer, who makes a warrantless misdemeanor arrest based upon mistakes of fact or law, may not be subjected to civil liability for false imprisonment, provided that the officer acted in "good faith and 'reasonable belief' in the validity of the arrest," DeChene v. Smallwood, 226 Va. 475, 479, 311 S.E.2d 749, 751 (1984) (citation omitted), a warrantless arrest that is not based upon probable cause is unconstitutional and evidence seized as a result of an unconstitutional arrest is

inadmissible, without regard to the officer's good faith and reasonable belief that he was not factually or legally mistaken. See Draper v. United States, 358 U.S. 307, 313, 79 S. Ct. 329, 3 L.Ed.2d 327 (1959); cf. Jones, 18 Va. App. at 232-33, 443 S.E.2d at 191 (holding that the police officer did not have probable cause to arrest the accused for criminal trespass because the officer did not have "a reasonable basis to conclude that [the accused] was neither a resident nor a guest of a resident" of the apartment complex).

In either case, on these facts a police officer would have no reasonable basis to believe that the defendant was guilty of disorderly conduct in violation of § 28-11 of the Newport News City Code. Consequently, because the officers had no probable cause to arrest the defendant, they had no other basis on which to lawfully detain or search him. Although the defendant was loud, profane, and uncivil, the officers had no basis to conclude, on these facts, that they would be required to use physical force to restrain the defendant in order to carry out their duties. Cf. Keyes v. City of Virginia Beach, 16 Va. App. 198, 200, 428 S.E.2d 766, 768 (1993) (affirming the accused's conviction for disorderly conduct where the police officer lawfully stopped the accused for a traffic violation and testified that based upon the accused's loud and uncooperative behavior, he "felt as though [he] was going to have to fight to subdue [the accused]").

Because the officer had no probable cause to arrest Ford for disorderly conduct, the search incident to that arrest and the seizure of the knife from his pocket was a "fruit" of the illegal arrest and should have been suppressed.  <u>Wong Sun v. United States</u>, 371 U.S. 471, 484-85, 83 S. Ct. 407, 9 L.Ed.2d 441 (1963).  In view of the holding that the evidence was insufficient to support a probable cause finding of disorderly conduct, necessarily, without additional evidence, it is insufficient to support the disorderly conduct conviction.  Thus, we reverse both convictions and dismiss the charges.

<u>Reversed and dismissed.</u>