## CIRCUIT COURT OF THE CITY OF RICHMOND

Commonwealth of Virginia

 v.

David Lance Boyd

January 15, 1997

Case Nos. F-96-3310 and F-96-3311

BY JUDGE DONALD W. LEMONS

The matter before the Court is a Motion to Suppress cocaine found during a search incident to arrest for a violation of Virginia Code § 18.2-415(A). The issue before the Court is whether Officer Rogers had probable cause to arrest Boyd for such offense, or in the alternative, had probable cause to arrest for a violation of § 18.2-416.

Section 18.2-415, disorderly conduct in a public place, reads in pertinent part:

> A person is guilty of disorderly conduct if, with the intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:
> A. In any street, highway, public building, or while in or on a public conveyance, or public place engages in conduct having a direct tendency to cause acts of violence by the person or persons at whom, individually, such conduct is directed.

In this case, David Lance Boyd walked in front of a marked patrol car containing two police officers, pointed at Officer Rogers and said, "What the fuck are you looking at? I'm going to wipe that fucking smile off your fucking face." The officers turned the corner and pulled over. The defendant

continued, "You heard me right. I'm going to wipe that fucking smile off your fucking face. Get out of the car. I'm going to beat your ass up and down the street."

The officers got out of the car and walked toward Boyd. He said that he knew who Officer Rogers was and repeated his threat to "beat him up and down the street." A crowd began to gather across the street to see what was going on. Officer Rogers told Boyd to be quiet and move along or he would be arrested. The defendant replied, "Go fuck yourself. I don't care about the disorderly conduct. I'm going to beat your ass up and down the street." Additionally, and significantly, the defendant "balled up his fists" and rapidly moved his arms while making these statements to the officer. Boyd was placed under arrest and in a search incident to the arrest, cocaine was found.

The defendant claims that the speech directed at the officer is protected under the First Amendment, that the officer should be held to a higher standard than an ordinary citizen in dealing with abusive language, and therefore no probable cause existed that § 18.2-415 was violated and the search was improper.

The Court initially finds that the encounter between the officers and the defendant up until the point of arrest was consensual and did not violate the Fourth Amendment. *See Ford v. City of Newport News*, 23 Va. App. 137, 141-42 (1996). Accordingly, the Court must determine if the officer had probable cause to arrest Boyd.

> [T]he First Amendment protects a significant amount of verbal criticism and challenge directed at police officers. "Speech is often provocative and challenging ... . [But it] is nevertheless protected against censorship or punishment, unless shown likely to produce a clear and present danger of a serious substantive evil that rises far above public inconvenience, annoyance, or unrest."

*Ford*, 23 Va. App. at 143 (*quoting City of Houston v. Hill*, 482 U.S. 451, 461 (1987), *quoting Terminiello v. City of Chicago*, 337 U.S. 1, 4 (1949)). In order for speech to be punished under the disorderly conduct statute, it must fall within the constitutionally defined category of speech known as "fighting words" and must have "a direct tendency to cause acts of violence." *See Chaplinsky v. New Hampshire*, 315 U.S. 568 (1942).

In *Ford*, the Court of Appeals overturned a conviction for disorderly conduct based on a Newport News ordinance which mirrors § 18.2-415. In that case the defendant stated loudly, "I'm tired of this shit. The cops in Hampton do the same shit, and I'm not going to put up with it anymore." The defendant

threw his arms in the air, continued to use offensive language, and attracted a crowd.

Judge Coleman for the majority in *Ford* specifically noted that Ford "made no threatening remarks, uttered no words that would reasonably incite a breach of the peace, or made no threatening movement toward the officer." *Ford*, 23 Va. App. at 144. Noting that the defendant was loud, profane, and uncivil, the Court ultimately concluded that "the officers had no basis to conclude, on these facts, that they would be required to use physical force to restrain the defendant in order to carry out their duties." *Id.* at 145 (*citing Keyes v. City of Virginia Beach*, 16 Va. App. 198, 200 (1993)).

By contrast in the case before this Court, Boyd's invitation and threat to fight the officers were clearly "fighting words" and were accompanied by the action of "balled fists," and "arms moving" in close proximity to the officers. Additionally, a crowd gathered.

> The "question as to whether a particular act is disorderly conduct depends largely on the facts in the particular case, and in the determination of such question not only the nature of the particular act should be considered but also the time and place of its occurrence as well as all the surrounding circumstances."

*Keyes v. City of Virginia Beach*, 16 Va. App. 198, 200 (1993), *citing Collins v. City of Norfolk*, 186 Va. 1, 5, 41 S.E.2d 448, 450 (1947).

Unlike the conduct described in *Ford*, the specific subject matter of Boyd's speech was "fighting words" directed specifically at Officer Rogers and accompanied by physical acts and gestures that were threatening in character. These facts and the presence of a gathering crowd gave Officer Rogers the reasonable belief that he would have to use physical force to restrain the defendant in order to carry out the duties of investigating this disturbance.

Additionally, although the defendant was actually arrested for a violation of § 18.2-415, the facts and circumstances further provide probable cause for arrest for violation of § 18.2-416 which provides as follows:

> If any person shall, in the presence or hearing of another, curse or abuse such other person, or use any violent abusive language to such person concerning himself or any of his relation, or otherwise use such language, under circumstances reasonably calculated to provoke a breach of the peace, he shall be guilty of a Class 3 misdemeanor.

Va. Code Ann. § 18.2-416.

Even if the Court were to find that there was no probable cause for arrest under § 18.2-415, the evidence reveals probable cause for arrest under § 18.2-416. The arrest and search incident to arrest were justified. *See Sullivan v. Commonwealth*, 210 Va. 201, 203 (1969) (*citing Jordan v. Commonwealth*, 207 Va. 591 (1966)).

While defendant cites a number of cases from other jurisdictions that a police officer should have a higher "threshold" for insulting remarks, the Court of Appeals has stated otherwise. In *Burgess v. City of Virginia Beach*, 9 Va. App. 163, 167-68 (1989), the Court of Appeals in reviewing a prosecution under a city ordinance similar to §18.2-416 specifically stated:

> Upon review, we find no merit in [the defendant's] argument and decline to adopt a higher standard of restraint for law enforcement officials than for citizens. We shudder to think of the verbal abuse that law enforcement officers would be subject to if we did so.

For the reasons stated above, the Motion to Suppress is denied.