BENTON, Judge,
dissenting.
Consistent with constitutional standards, a police officer properly may make a warrantless arrest if the officer has probable cause to believe an individual has committed a felony. See United States v. Watson, 423 U.S. 411, 423, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976). The rule is also well established, however, that where probable cause is lacking at the moment of arrest, the arrest is illegal. See Beck v. Ohio, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). Any evidence seized pursuant to that illegal arrest must be excluded. See Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). See also Ford v. City of Newport News, 23 Va.App. 137, 145, 474 S.E.2d 848, 852 (1996). As applicable to this case, the United States Supreme Court has refined these principles as follows:
Where the standard is probable cause, a search or seizure of a person must be supported by probable cause particularized with respect to that person. This requirement cannot be undercut or avoided by simply pointing to the fact that coincidentally there exists probable cause to search or seize another or to search the premises where the person may happen to be.
Ybarra v. Illinois, 444 U.S. 85, 91, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979).
When the officers arrested Celestine Yancy, the officers had found packages they suspected to contain drugs in the brown and gold luggage they had seen Quinton Hunley carry. No testimony established that Yancy had been carrying that brown and gold luggage. Prior to arresting Yancy, the offi *519 cers made no inquiry to determine whether Yancy or Hunley claimed ownership of that piece of luggage. They knew that Hunley solely had carried the brown and gold luggage from the train to the parking lot. However, when the officers arrested Yancy, she had not claimed ownership of the brown and gold luggage. In addition, Yancy had clearly asserted her possessory interest only in another piece of luggage — the red, white and blue luggage. She opened it for the police, reached into it, and moved its contents. When the police arrested Yancy, they had not searched the red, white and blue luggage and, thus, had no knowledge of its contents.
The officers arrested Yancy because she was with Hunley, who was carrying the luggage in which they had found the suspected drugs. Clearly, upon discovering the suspected drugs in the luggage Hunley carried, the officers had probable cause to arrest Hunley. However, they lacked the level of information necessary for probable cause to arrest Yancy. As the Supreme Court ruled in Ybarra, “a person’s mere propinquity to others suspected of criminal activity does not, without more, give rise to probable cause to search [or arrest] that person.” 444 U.S. at 91, 100 S.Ct. 338. Although the officers had enough suspicion “to adopt an intermediate response,” such as a Terry detention, Adams v. Williams, 407 U.S. 143, 145, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972), they lacked probable cause to then arrest Yancy. See McMillon v. Commonwealth, 212 Va. 505, 509, 184 S.E.2d 773, 775 (1971) (ruling that “the fact that a person consorts with drug addicts does not, of itself, create probable cause to arrest that person as a narcotics user”).
Relying upon a description of the purposeful manner in which Hunley and Yancy walked through the train station, the majority opinion concludes that Yancy and Hunley acted suspiciously as they disembarked the train and left the terminal. That conduct, however, did not distinguish Yancy and Hunley from a great majority of the travelling public. Furthermore, the police officer who stopped them and asked permission to speak to them testified that their conduct had not led him to believe Yancy and Hunley were involved in criminal activity. *520 All of the attendant circumstances, including the discovery of the suspicious package in the luggage Hunley was carrying, provided no more than a suspicion concerning Yancy.
Because the arrest was made without probable cause, I would hold that the trial judge erred in admitting the unlawfully seized evidence. See id. I dissent.