COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Clements and Senior Judge Coleman
Argued at Richmond, Virginia


JAMES DONNELL THOMAS
                                        OPINION BY
v.   Record No. 2341-00-2        JUDGE JAMES W. BENTON, JR.
                                        APRIL 9, 2002
COMMONWEALTH OF VIRGINIA


         FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
                 Oliver A. Pollard, Jr., Judge

         Joseph A. Sadighian, Assistant Public
         Defender, for appellant.

         Amy L. Marshall, Assistant Attorney General
         (Randolph A. Beales, Attorney General, on
         brief), for appellee.


     The trial judge denied James Donnell Thomas's motion to

suppress evidence and convicted him of possession of an imitation

controlled substance with intent to distribute.  Thomas contends

the evidence failed to prove the police officer had probable cause

to arrest him and that, for this reason, the trial judge erred in

not suppressing his statements.  We agree and reverse the

conviction.

                              I.

     When we review a trial judge's denial of a motion to

suppress, we are guided by the following standards:

         "[T]he burden is upon [the appellant] to
         show that th[e] ruling, when the evidence is
         considered most favorably to the
         Commonwealth, constituted reversible error."

> "Ultimate questions of . . . probable cause
> to make a warrantless . . . [arrest]"
> involve questions of both law and fact and
> are reviewed <u>de</u> <u>novo</u> on appeal.  In
> performing such analysis, we are bound by
> the trial [judge's] findings of historical
> fact unless "plainly wrong" or without
> evidence to support them.

<u>McGee v. Commonwealth</u>, 25 Va. App. 193, 197-98, 487 S.E.2d 259,

261 (1997) (citations omitted).

The relevant facts are essentially undisputed.  Sergeant

E.S. Jones of the Petersburg Police Department testified that he

was patrolling in a high crime area when he saw Thomas and two

other men standing near a convenience store talking.  The

officer observed the men for several minutes and then approached

them because the property was posted with a "no trespassing"

sign.  As he neared the men, one of them said, "[T]hat's the

police."  The officer testified that when the men began to walk

away he "made contact with [two of] them."  Other officers

detained the third man.

Officer Jones spoke to Thomas and one of the men "to find

out why they were on the property and . . . told them about the

trespassing signs" on the store.  The officer then requested

"checks to find out if [Thomas] had any [outstanding] warrants."

While the officer was talking to one of the men, he saw Thomas

make a throwing motion with his right hand toward the back of a

soda machine.  Although the officer did not see any item leave

Thomas's hand, he searched the area behind the machine where he

-

"thought the item had gone."  He saw litter in that area but saw no contraband.

When the officer learned no warrants were outstanding for Thomas, he "gave [Thomas] a warning not to come back on the property" and "released" him.  After Thomas walked away, the officer went to the third man, whom other officers had arrested for "drug charges."  After two or three minutes had elapsed, the officer returned to the area behind the soda machine and again searched, "making small circles."  The officer found a plastic bag containing individually wrapped substances that appeared to him to be crack cocaine.  He testified that he found the bag near the machine, but against a fence, where he "didn't know it had gone."  The officer then located Thomas on another street and arrested him for possessing the substances.  After the officer read Thomas the Miranda rights, Thomas made incriminating statements.

In denying the motion to suppress, the trial judge made no specific findings.  The evidence proved that the bag contained ten packs of an off-white substance, which was not a controlled substance, and that Thomas made incriminating statements about the bag.  The trial judge convicted Thomas of possession of imitation controlled substances with the intent to distribute in violation of Code § 18.2-248.

II.

The principle is long standing and "basic that an arrest . . . without a warrant must stand upon firmer ground than mere suspicion." Wong Sun v. United States, 371 U.S. 471, 479 (1963). The Supreme Court "repeatedly has explained that 'probable cause' to justify an arrest means facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing . . . that the suspect has committed, is committing, or is about to commit an offense." Michigan v. DeFillippo, 443 U.S. 31, 37 (1979). Thus, the Court has held that "[a]rresting a person on suspicion, like arresting a person for investigation, is foreign to our system." Papachristou v. City of Jacksonville, 405 U.S. 156, 169 (1972). "[P]robable cause . . . must be based on more than speculation, suspicion, or surmise." Alexander v. Commonwealth, 19 Va. App. 671, 674, 454 S.E.2d 39, 41 (1995).

Although the officer saw Thomas make a throwing motion, he did not see what left Thomas's hand, if anything. When he looked where he thought a discarded object might have landed, he saw litter but no contraband. Later, when he returned to the machine and looked in a place where he had not expected a discarded item to land, he saw the plastic bag. The record indicates only that it was against "a chain-link fence . . . between the store and the [adjacent] property." These facts

-

render only a suspicion that Thomas threw the plastic bag the officer found. Thomas's hand motion "was not combined with any other circumstance which might have justified a rational belief" that Thomas had thrown the bag containing the imitation substance. Matthews v. Commonwealth, 218 Va. 1, 3, 235 S.E.2d 306, 307 (1977). The officer's conclusion that Thomas threw the bag was grounded only on suspicion because he had found a variety of ordinary litter behind the machine when he looked where he thought Thomas had thrown something. Accordingly, we hold that the evidence failed to establish probable cause for the arrest.

An arrest made without a warrant or without probable cause is made in violation of the Fourth Amendment. Dunaway v. New York, 442 U.S. 200, 219 (1979). Where there has been an arrest without probable cause, "the burden of showing admissibility [of an ensuing statement] rests, of course, on the prosecution." Brown v. Illinois, 422 U.S. 590, 604 (1975) (footnote omitted). In meeting its burden, the prosecution must produce evidence "not merely that the statement meet[s] the Fifth Amendment standard of voluntariness but that it [is] 'sufficiently an act of free will to purge the primary taint'" of the unlawful arrest. Id. at 602 (quoting Wong Sun, 371 U.S. at 486). Here, the officers arrested Thomas "for possession of cocaine based on the item . . . found [behind the soda machine]," took him to the police station, read him Miranda warnings, and obtained

-

admissions.  As in Dunaway, "[n]o intervening events broke the connection between [the] illegal detention and [the] confession."  442 U.S. at 219.  The evidence showed that the statement was made temporally proximate to the arrest, that no circumstances of any consequence intervened between the arrest and the statement, and that the questioning flowed directly from the discovery of the cocaine and the officer's attempt to tie the cocaine to Thomas.  Because the evidence does not establish that the connection between the arrest and the statement was so attenuated as to purge the taint of the unlawful arrest, we hold that the Commonwealth did not sustain its burden of showing the evidence was admissible.  "To admit [Thomas's] confession in such a case would allow 'law enforcement officers to violate the Fourth Amendment with impunity, safe in the knowledge that they could wash their hands in the "procedural safeguards" of the Fifth [Amendment].'"  Id. (citation and footnote omitted).

For these reasons, we hold the trial judge erred in not suppressing Thomas's statement.  Accordingly, we reverse the conviction and dismiss the indictment.

Reversed and dismissed.

-