COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Frank and Kelsey
Argued at Chesapeake, Virginia


ROBCHEL WILLIAMS

MEMORANDUM OPINION[*] BY
v.    Record No. 0127-02-1        JUDGE ROBERT P. FRANK
                                  NOVEMBER 19, 2002
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Dean W. Sword, Jr., Judge

Sonya A. Weaver for appellant.

Jennifer R. Franklin, Assistant Attorney
General (Jerry W. Kilgore, Attorney General,
on brief), for appellee.


Robchel Williams (appellant) was convicted in a bench trial

of disorderly conduct, a misdemeanor, in violation of Code

§ 18.2-415.  On appeal, he challenges the sufficiency of the

evidence to support this conviction.  Finding no error, we affirm

his conviction.

When considering the sufficiency questions on appeal in a

criminal case, we view the evidence in the light most favorable

to the Commonwealth, considering all reasonable inferences

fairly deducible therefrom.  Higginbotham v. Commonwealth, 216

Va. 349, 352, 218 S.E.2d 534, 537 (1975).  The conclusions of

the fact finder on issues of witness credibility may be

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

disturbed only if we find the witness' testimony was "inherently incredible, or so contrary to human experience as to render it unworthy of belief." Fisher v. Commonwealth, 228 Va. 296, 299, 321 S.E.2d 202, 204 (1984).

Appellant first contends the situs of the offense, Walgreen's Drug Store, was not a "public place," as required by Code § 18.2-415.[1] Appellant contends that, since no witness explicitly stated the store was "open to the public," the Commonwealth did not prove this element of the offense. We disagree.[2]

The Supreme Court has discussed the term, "public place," in the context of an earlier disorderly conduct statute:

> Webster's International Dictionary, 2d Ed., defines "place" as "a portion of space occupied by a body;" "any particular spot or locality." The same authority defines "public" as "open to the knowledge or view of all; generally seen, known, or heard; without privacy, concealment, etc."

---

[1] Code § 18.2-415 states, in part:

> A person is guilty of disorderly conduct if, with the intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:
>
> A. In any street, highway, public building, or while in or on a public conveyance, or public place engages in conduct having a direct tendency to cause acts of violence by the person or persons at whom, individually, such conduct is directed . . . .

[2] The parties submitted a statement of facts rather than a transcript, pursuant to Rule 5A:8(c).

-

     *      *      *      *      *      *      *

> Bouvier's Law Dictionary defines "public place" as "any place so situated that what passes there can be seen by any considerable number of persons, if they happen to look."

> While the statute is penal and must be construed strictly against the Commonwealth, the dominant purpose of its enactment was to preserve peace and good order.

     *      *      *      *      *      *      *

> A person violates the statute if, while physically present in the highway, his conduct is such as tends to corrupt public morals or to outrage the sense of decency of others who may not be in the highway but may be within sight or hearing of the perpetrator. Such person is equally guilty if, while not physically present in the highway, he sets in motion an agency that tends to corrupt public morals or outrage the sense of decency of others using the highway in a peaceful and lawful manner. In either event, the crime has been committed in a highway or other public place. In the first instance, the perpetrator was physically present in the highway when he committed the criminal acts or uttered the words. In the second instance, he was not physically present in the highway but his acts or words were seen or heard by others lawfully using the highway. The statute prohibits disorderly behavior in public.

Hackney v. Commonwealth, 186 Va. 888, 891-92, 45 S.E.2d 241, 242-43 (1947) (discussing former Code § 4533(a) (repealed)).

Here, appellant's offensive conduct was observed by Walgreen's customers. Detective L. Cox testified the store was "open for business." People in the Walgreen's were having prescriptions filled. The incident and its situs were "open to

-

the knowledge or view of all . . . without privacy, concealment, etc." Id. at 892, 45 S.E.2d at 242-43. The store was a "public place" for the purposes of Code § 18.2-415.

Appellant next contends the evidence did not prove his conduct had a "direct tendency to cause acts of violence," as required by Code § 18.2-415. He contends, since no one actually reacted violently to his statements,[3] he was not guilty of disorderly conduct. Appellant misreads the statute.

The statute requires that a defendant's conduct have a "direct tendency to cause acts of violence," not that the conduct, in fact, causes acts of violence. The standard is an objective one, i.e., whether the conduct in question "would cause a reasonable [person] to respond with physical force or violence." Ford v. City of Newport News, 23 Va. App. 137, 144, 474 S.E.2d 848, 851 (1996). The statute, like the "fighting words" statute, serves to prevent conduct that is "likely to provoke a violent reaction and retaliation." Mercer v. Winston, 214 Va. 281, 284, 199 S.E.2d 724, 726 (1973) (discussing Code § 18.2-255).

---

[3] We are not asked to address the portion of Code § 18.2-415 that states:

> However, the conduct prohibited under subdivision A, B or C of this section shall not be deemed to include the utterance or display of any words or to include conduct otherwise made punishable under this title.

-

Detective Cox testified, when he arrived at Walgreen's, he heard appellant tell the store manager that he would "kick his ass" and that "he would come back and f--- him up." However, appellant did not attempt to strike the manager. On cross-examination, Cox admitted appellant's words did not provoke or incite anyone into action.

Appellant cites Ford, 23 Va. App. 137, 474 S.E.2d 848, to support his position. However, that case is distinguishable on its facts. Ford used offensive, but not threatening, language. Id. at 144, 474 S.E.2d at 851. While Ford threw "his arms about in the air," he made no threatening gestures. Id. This Court found Ford's conduct had no "direct tendency to cause violence." Id. His words, while offensive and loud, were "'verbal criticism and challenge directed at police officers,'" not threats of violence. Id. at 143, 474 S.E.2d at 851 (quoting City of Houston v. Hill, 482 U.S. 451, 461 (1987)).

Here, Walgreen's manager had just fired him, so appellant was upset. He admitted that he then confronted the manager, threatening to "kick his ass" and to return "and f--- him up." Unlike in Ford, appellant did not criticize the manager nor did he simply use offensive language. He threatened physical harm. Appellant also refused to speak to the officer when he arrived. Eventually, Officer Cox had to physically remove appellant from the store. Appellant "would not submit to being arrested." He did not become calm until placed in the police vehicle.

-

The trial court, as fact finder, determined appellant's threatening language constituted disorderly conduct under Code § 18.2-415. The evidence supports this finding. The manager did not need to testify he was moved to violence. A reasonable person, under these facts, would likely respond to appellant's conduct with violence. We affirm the conviction.

Affirmed.

-

Benton, J., concurring.

Several matters are not at issue in this appeal.  The officer "testified that he placed [Robchel Williams] under arrest for his conduct inside [the store] and not for any behavior that occurred when he tried to arrest [Williams]."  In addition, the statement of facts indicates Williams contended that the evidence failed to prove his "actions or words [in the store] had a direct tendency to cause acts of violence."  Williams did not contend at trial he was convicted for uttering words protected by the First Amendment.  Because the latter issue is not before us, I concur in the opinion.