COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Annunziata and Senior Judge Coleman
Argued at Richmond, Virginia


LEWIS IDERICK JOHNSON
                                    MEMORANDUM OPINION* BY
v.    Record Nos. 1438-02-2,        JUDGE SAM W. COLEMAN, III
        2019-02-2 and 2050-02-2            APRIL 29, 2003

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    Robert W. Duling, Judge Designate

            Craig W. Stallard, Assistant Public Defender,
            for appellant.

            Kathleen B. Martin, Assistant Attorney
            General (Jerry W. Kilgore, Attorney General,
            on brief), for appellee.


     On appeal from a conviction for possession of cocaine with

the intent to distribute, Lewis Iderick Johnson challenges the

denial of his motion to suppress.  Johnson contends the police did

not have probable cause to arrest him and that, as a result, his

post-arrest statements were inadmissible.  Finding that the trial

court erred in denying Johnson's motion to suppress, we reverse

Johnson's conviction.

                                I.

     In reviewing a trial court's ruling on a motion to

suppress, this Court reviews the "evidence adduced at both the

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

trial and suppression hearing," <u>Greene v. Commonwealth</u>, 17 Va. App. 606, 608, 440 S.E.2d 138, 139 (1994), and views the evidence in the light most favorable to the prevailing party. See <u>Spivey v. Commonwealth</u>, 23 Va. App. 715, 721, 479 S.E.2d 543, 546 (1997). "'The burden is upon [the defendant] to show that th[e] ruling, when the evidence is considered most favorably to the Commonwealth, constituted reversible error.'" <u>McGee v. Commonwealth</u>, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (<u>en banc</u>) (citation omitted). While we are bound to review <u>de</u> <u>novo</u> the ultimate questions of reasonable suspicion and probable cause, <u>Ornelas v. United States</u>, 517 U.S. 690, 699 (1996), "[i]n performing such analysis we are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them." <u>McGee</u>, 25 Va. App. at 198, 487 S.E.2d at 261.

So viewed, the evidence proved that at about 5:30 p.m. on September 1, 2001, Officers William Breedlove and Richard Lloyd stopped their marked police vehicle near a group of three or four men, who were standing beside a building in the 1000 block of North 20th Street in Richmond. Johnson was among the group. As the police vehicle stopped, Johnson walked from the side of the building to the rear of the building and briefly disappeared from the officers' sight. A few seconds later, Johnson rejoined the group.

-

Breedlove and Lloyd approached the men and had a short conversation with them. Breedlove followed the path he had seen Johnson take to the rear of the building, and Breedlove searched the area. On top of a concrete awning at a door to a residence in the rear of the building, he found a plastic bag containing twenty-one individually wrapped pieces of crack cocaine. The location of the bag was eight to nine feet above the ground. Breedlove testified that the placement of the drugs "wasn't so high that you couldn't pitch it right above your head." The door above which the drugs were found was located two feet from the corner of the building.

The officers immediately placed appellant under arrest. After appellant was advised of his rights under Miranda v. Arizona, 384 U.S. 436 (1966), appellant admitted that the drugs were his and that he had intended to sell them.

## II.

"The test of constitutional validity [of a warrantless arrest] is whether at the moment of arrest the arresting officer had knowledge of sufficient facts and circumstances to warrant a reasonable man in believing that an offense has been committed." Bryson v. Commonwealth, 211 Va. 85, 86-87, 175 S.E.2d 248, 250 (1970). "To establish probable cause, the Commonwealth must show 'a probability or substantial chance of criminal activity, not an actual showing of such activity.'" Ford v. City of

-

<u>Newport News</u>, 23 Va. App. 137, 143-44, 474 S.E.2d 848, 851

(1996) (citations omitted).

> "The presence or absence of probable cause
> is not to be examined from the perspective
> of a legal technician.  Rather, probable
> cause exists when the facts and
> circumstances within the officer's
> knowledge, and of which he has reasonably
> trustworthy information, alone are
> sufficient to warrant a person of reasonable
> caution to believe that an offense has been
> or is being committed.  In order to
> ascertain whether probable cause exists,
> courts will focus upon 'what the totality of
> the circumstances meant to police officers
> trained in analyzing the observed conduct
> for purposes of crime control.'"

<u>Parker v. Commonwealth</u>, 255 Va. 96, 106, 496 S.E.2d 47, 53

(1998) (citations omitted).  Therefore, we must determine, based

upon the totality of the circumstances, if Johnson's warrantless

arrest was justified by a reasonable belief that he was engaging

in criminal activity.

Both the Supreme Court of Virginia and this Court have had

opportunities to consider whether the police had probable cause

to arrest a defendant who either threw away or hid an object

when the police arrived.  In <u>McCain v. Commonwealth</u>, 261 Va. 483,

487, 434 S.E.2d 541, 543 (2001), police officers found Elbert

McCain in the driver's seat of a parked vehicle and requested his

identification.  McCain agreed to the search of the car, refused

to permit the police to search his person, and then walked away

from the officers.  McCain walked to an apartment door behind a

set of stairs leading to the second floor.  Through openings in a

-

wall, an officer saw the shadow of an arm reach out and heard the sound of a metal object making contact with metal.  Retracing McCain's path to the area behind the stairs, the officer found a handgun in a metal grocery cart.  Id. at 487, 454 S.E.2d at 543. McCain fled when the officer confronted him with the weapon.  The Court concluded that the police possessed probable cause to arrest McCain for the possession of a concealed weapon upon the officer's discovery of the firearm in the grocery cart and McCain's attempted flight.  Id. at 491, 454 S.E.2d at 546.

     In Thomas v. Commonwealth, 38 Va. App. 49, 52, 561 S.E.2d 754, 755 (2002), police officers patrolling a high crime area saw the defendant and two other men standing near a convenience store that was posted with "no trespassing" signs.  As the officers questioned the men about their presence and outstanding warrants, id. at 52, 561 S.E.2d at 756, the defendant made a throwing motion toward the back of a soda machine.  The officers saw no item leave the defendant's hand, looked behind the soda machine, but found only litter.  Several minutes later, after the police had released the defendant, the officers again searched the area behind the soda machine and found a plastic bag containing cocaine against a chain link fence near the machine.  Id. at 53, 561 S.E.2d at 756.  We concluded that the police lacked probable cause to arrest the defendant and noted that the defendant's hand motion "'was not combined with any other circumstance which might have justified a rational belief'

-

that [he] had thrown the bag . . . ."  Id. at 54, 561 S.E.2d at 756 (quoting Matthews v. Commonwealth, 218 Va. 1, 3, 235 S.E.2d 306, 307 (1977)).

The totality of the circumstances in the present case was less indicative or suggestive of criminal activity than that considered, and found deficient, in Thomas.  In this case, Johnson disappeared from the police officers' vision for a few seconds.  They did not observe Johnson make a throwing motion or any gesture suggesting that he was secreting an object.  The discovery, moments later, of the bag of drugs above the area to which Johnson had walked, but which was accessible to many others, created a suspicion that he may have placed the bag of drugs on the awning.  This mere suspicion, however, did not provide the police officers with probable cause to arrest appellant for the possession of cocaine.  "[P]robable cause . . . must be based on more than speculation, suspicion, or surmise."  Alexander v. Commonwealth, 19 Va. App. 671, 674, 454 S.E.2d 39, 41 (1995).  Accordingly, appellant's arrest was unlawful.

The record contains no evidence that Johnson's statements did not flow directly from the unlawful arrest or that "the connection between the arrest and the statement[s] was so attenuated as to purge the taint of the unlawful arrest." Thomas, 38 Va. App. at 55, 561 S.E.2d at 757.  Therefore, Johnson's statements were inadmissible.

-

For the foregoing reasons, the trial court erred in denying the motion to suppress appellant's statements.  Accordingly, Johnson's conviction is reversed, and because the conviction could not stand without Johnson's admissions, the indictment against him is dismissed.

<u>Reversed and dismissed.</u>