COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Humphreys and Petty
Argued at Chesapeake, Virginia


WILLIAM LLOYD TURNER

MEMORANDUM OPINION[*] BY
v.      Record No. 1028-05-1        JUDGE WILLIAM G. PETTY
                                    JULY 18, 2006
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Wilford Taylor, Jr., Judge

Charles E. Haden for appellant.

Deana A. Malek, Assistant Attorney General (Robert F. McDonnell,
Attorney General, on brief), for appellee.


Appellant, William Lloyd Turner (Turner), was convicted of possession of cocaine. He

appeals his conviction and argues that the trial court erred by denying his motion to suppress

because the officers who arrested him did not have probable cause to do so. Finding no error, we

affirm the judgment of the trial court.

I. Facts

The evidence, considered in a light most favorable to the Commonwealth, establishes that a

known, reliable informant provided the following detailed information to the police: a "skinny,

black male" named Don, driving a "white Explorer-type vehicle," would arrive in a particular

parking lot on August 29, 2004, around 7:15 p.m., and would be selling crack cocaine. The

informant had a longstanding record of reliability and had provided information to the police for

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

over ten years, leading to search warrants for different locations in the area, recovery of narcotics, and "well over a dozen" arrests of persons involved in the distribution of narcotics.

This detailed information was later corroborated when, at about 8:00 p.m. on the given day, police observed a white Ford Explorer, driven by a person later identified as Don Brown, pull into the specified parking lot just as the informant predicted. The informant was with the police as they waited, and he identified this Ford Explorer as the vehicle to which he had referred.

Police officers approached the stopped Explorer on foot. Brown was in the driver's seat, and Turner was in the passenger's seat. As Brown was being removed from the car, Officer Christopher Lyon looked through the open driver's door and saw a plastic bag of what he believed to be crack cocaine in Turner's lap. Lyon went to the passenger side of the car, seized the bag of drugs, and arrested Turner.

II.  Probable Cause Analysis

On appeal of the denial of a motion to suppress, we consider the evidence adduced at both the suppression hearing and the trial. DePriest v. Commonwealth, 4 Va. App. 577, 583, 359 S.E.2d 540, 542-43 (1987). It is appellant's burden to show that the denial of a motion to suppress constituted reversible error when the evidence is considered in the light most favorable to the Commonwealth. McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (en banc). "[W]e are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them." Id. at 198, 487 S.E.2d at 261. We review *de novo* the trial court's application of defined legal standards such as reasonable suspicion and probable cause to the particular facts of the case. Ornelas v. United States, 517 U.S. 690, 699 (1996).

A warrantless arrest is constitutionally valid if at the moment the arrest was made officers had probable cause to make it. Beck v. Ohio, 379 U.S. 89, 91 (1964). "Probable cause exists when the facts and circumstances within the officer's knowledge, and of which he has trustworthy

information, alone are sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed." Taylor v. Commonwealth, 222 Va. 816, 820, 284 S.E.2d 833, 836 (1981). To establish probable cause the Commonwealth does not have to make an actual showing of criminal activity but only a showing that there is a probability or substantial chance of criminal activity. Ford v. City of Newport News, 23 Va. App. 137, 143, 474 S.E.2d 848, 851 (1996). In determining whether probable cause exists, courts focus on "what the totality of the circumstances meant to police officers trained in analyzing the observed conduct for purposes of crime control." Hollis v. Commonwealth, 216 Va. 874, 877, 223 S.E.2d 887, 889 (1976). Thus, if the arresting officer had "'knowledge of sufficient facts and circumstances to warrant a reasonable man in believing that an offense has been committed'" at the time of the arrest, the arrest is constitutionally valid. Ford, 23 Va. App. at 143, 474 S.E.2d at 851 (quoting Bryson v. Commonwealth, 211 Va. 85, 86-87, 175 S.E.2d 248, 250 (1970)).

### III. Conclusion

Considering the totality of the circumstances, the officers had probable cause to believe the driver of the car in which Turner was riding was committing a drug offense.[1] Furthermore, at the time of Turner's arrest, the police officers had probable cause to believe that Turner was committing a drug offense as well.

The officers reasonably acted on information provided by a reliable, known informant. In making a probable cause determination, "an officer 'may rely upon information received through an informant, rather than upon his direct observations,' so long as the officer has reasonable grounds to believe that the informant's statement is true." Illinois v. Gates, 462 U.S. 213, 242 (1983) (citation omitted). See also Draper v. United States, 358 U.S. 307 (1959). In this case, the informant's

---

[1] We note that appellant conceded at oral argument that the police officer had at least a reasonable suspicion to approach the car.

identification of the vehicle as it arrived at the specified location, coupled with the officers' observation of activities corroborating the informant's information, provided the requisite probable cause for the police to approach the car and to arrest the driver. When they did so, they saw appellant sitting in the passenger seat with suspected cocaine in plain view on his lap. See Horton v. California, 496 U.S. 128, 133 (1990) (holding a person has no reasonable expectation of privacy in items that are in plain view). This observation constituted ample probable cause to arrest Turner for possession of cocaine. The trial court did not err by denying appellant's motion to suppress.

For these reasons, the trial court's judgment is affirmed.

Affirmed.