UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Huff and Athey

CHRISTOPHER WARREN MCVEY

v.      Record No. 1701-22-1

CITY OF NEWPORT NEWS

MEMORANDUM OPINION[*]
PER CURIAM
DECEMBER 12, 2023

FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Christopher R. Papile, Judge

(Daniel B. Winegard, Assistant Public Defender, on brief), for
appellant.

(Howard E. Gwynn, Commonwealth's Attorney; Andrea Booden,
Senior Assistant Commonwealth's Attorney, on brief), for appellee.

Following a jury trial, the trial court convicted Christopher McVey of disorderly conduct in

violation of a Newport News ordinance. McVey asserts that the evidence was insufficient to

support his conviction. After examining the briefs and record in this case, the panel unanimously

holds that oral argument is unnecessary because "the appeal is wholly without merit." Code

§ 17.1-403(ii)(a); Rule 5A:27(a). For the following reasons, this Court affirms the trial court's

judgment.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the [City of Newport News], the prevailing party at trial." *Meade v.

Commonwealth*, 74 Va. App. 796, 802 (2022) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

(2018)).  "Accordingly, we regard as true all credible evidence favorable to the [City] and all inferences that may reasonably be drawn from that evidence."  *Id.* (quoting *Gerald*, 295 Va. at 473).

On October 23, 2018, Newport News Chief of Police Drew encountered McVey after McVey began taunting police trainees outside the police department.  Chief Drew also saw an American flag hanging upside down in a nearby tree on police station grounds.  McVey shouted racially charged slurs as he approached members of the group of training officers.  Chief Drew removed the flag and walked back toward the police building.  McVey confronted Chief Drew, alleged the flag was his, and demanded its return.  Chief Drew refused and stated that the flag had been abandoned.  McVey followed Chief Drew inside the police station and became loud and disruptive.  He confronted Susan Bryan, who was working at the front desk, and accused her of "making a face at him."  Having dealt with McVey before, and knowing that he "can be somewhat difficult," Bryan left her station and walked away.  Chief Drew demanded that McVey leave the building and began escorting him outside.  McVey continued his loud and disruptive behavior, and Chief Drew announced that he was under arrest for disorderly conduct and trespassing and took him into custody.  Following the jury's guilty verdict on the disorderly conduct charge,[1] the trial court convicted McVey of disorderly conduct.  McVey appeals.

## ANALYSIS

"In reviewing a challenge to the sufficiency of the evidence to support a conviction, 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  *Melick v. Commonwealth*, 69 Va. App. 122, 144 (2018) (quoting *Kelly v. Commonwealth*, 41 Va. App. 250, 257 (2003) (en banc)).  "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the

---

[1] The jury acquitted McVey of the trespassing charge.

evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Raspberry v. Commonwealth*, 71 Va. App. 19, 29 (2019) (quoting *Burrous v. Commonwealth*, 68 Va. App. 275, 279 (2017)). "In conducting our analysis, we are mindful that 'determining the credibility of the witnesses and the weight afforded the testimony of those witnesses are matters left to the trier of fact, who has the ability to hear and see them as they testify.'" *Id.* (quoting *Miller v. Commonwealth*, 64 Va. App. 527, 536 (2015)). "Thus, we will affirm the judgment of the trial court unless that judgment is 'plainly wrong or without evidence to support it.'" *Id.* (quoting *Kelly*, 41 Va. App. at 257).

On appeal, McVey argues that the evidence failed to "prove he engaged in conduct having a direct tendency to cause acts of violence by the person or persons at whom, individually, such conduct is directed."

Section 28-11 of the Newport News City Code provides that

> [a] person is guilty of disorderly conduct and a Class 1 misdemeanor if, with the intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, such person . . . engages in conduct having a direct tendency to cause acts of violence by the person or persons at whom, individually, such conduct is directed . . . . However, the conduct prohibited under . . . this section shall not be deemed to include the utterance or display of any words . . . .

McVey argues that Chief Drew did not have reason to believe that McVey's conduct would provoke a violent response from the person or persons at whom such conduct was directed, which is a requisite element of a violation of Newport News City Code § 28-11. *See Ford v. City of Newport News*, 23 Va. App. 137, 144 (1996) (interpreting an earlier but substantially similar version of the ordinance). McVey asserts that his "loud statements, backing up, filming the police officers, and momentarily pausing as he is being escorted out of the police station do not comprise conduct that would tend to cause Chief Drew or anyone else at whom such conduct may be 'directed' to respond with violence."

Here, however, McVey's conduct exceeded that of the defendant in *Ford*. In addition to his loud, disruptive behavior, McVey also made racial remarks, aggressively approached officers and staff, and shoved his phone in Chief Drew's face. Further, McVey ignored instructions to leave the building and continued to resist Chief Drew's authority as Chief Drew attempted to escort him outside. McVey interrupted an on-going training class and his refusal to cease the disruptive behavior would cause "a reasonable officer to respond with physical force" to stop McVey's harassment. *Ford*, 23 Va. App. at 144. Accordingly, the evidence supports the trial court's denial of McVey's motion to strike and supports his conviction.

McVey further argues that the trial court erred by not dismissing the disorderly conduct charge "because the court should have applied the other crimes proviso of Newport News Ordinance Sec. 28-11 due to the conduct comprising trespass." Newport News City Code § 28-11 provides, in pertinent part, that "the conduct prohibited under subdivision (a), (b) or (c) of this section shall not be deemed to include . . . conduct otherwise made punishable under Title 18.2 of the Code of Virginia, 1950, as amended."

In *Battle v. Commonwealth*, 50 Va. App. 135, 140 (2007), we addressed the disorderly conduct statute, Code § 18.2-415, which includes a similar proviso. We held that the "scope of the other-crimes proviso . . . is finely calibrated." *Id.* Specifically, it "does not say a disorderly conduct charge must be dismissed anytime a defendant could be prosecuted under both the disorderly conduct statute and another provision of Title 18.2." *Id.* "The proviso, instead, focuses specifically on 'conduct prohibited under subdivision A, B or C' and instructs that such conduct cannot include words or conduct 'otherwise made punishable under this title.'" *Id.* (quoting Code § 18.2-415).

McVey concedes this issue is moot as the jury acquitted him of the trespassing charge and only found him guilty of the disorderly conduct charge. Accordingly, we do not address this assignment of error.

## CONCLUSION

The Commonwealth's evidence was sufficient for a rational trier of fact to conclude that McVey was guilty of disorderly conduct under the Newport News ordinance. Accordingly, we affirm the trial court's judgment.

*Affirmed.*